AMERICAN AIRLINES, INC., a Delaware corporation, Braniff Airways, Incorporated, an Oklahoma corporation, Capital Airlines, Inc., a Delaware corporation, Delta Air Lines, Inc., a Louisiana corporation, Eastern Air Lines, Incorporated, a Delaware corporation, National Airlines, Incorporated, a Florida corporation, Trans-Texas Airways, a Texas corporation, and Trans World Airlines, Inc., a Delaware corporation, Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, C. N. Sayen and D. J. Smith, individually, and as officers and representatives of said Association, and as representatives of the class consisting of the pilots employed by plaintiffs, Defendants.

No. 60 C 1162.

United States District Court
N. D. Illinois, E. D.

Sept. 15, 1960.

Winston, Strawn, Smith & Patterson, Chicago, Ill., for plaintiff.

Goldberg, Devoe, Shadur & Mikva, Chicago, Ill., F. Harold Bennett, Chicago, Ill., for defendants.

LA BUY, District Judge.

This cause coming on to be heard on plaintiffs' motion for preliminary injunction, upon the pleadings, upon affidavits in support of the motion, an affidavit in opposition thereto, upon evidence received in open court and upon representations of respective counsel and it appearing that there is danger of immediate and irreparable injury being caused plaintiffs by defendants for which plaintiffs have no adequate administrative or legal remedy, and the Court finding:

(1) That for something more than 100 days immediately preceding this date employees, or former employees, of Southern Airways have conducted a strike against Southern Airways but not against plaintiffs or any of the airports which Southern Airways serves; that at various airports at which Southern Airways operates such striking Southern Airways employees or former employees have regularly engaged in patrolling at or in the immediate vicinity of the specific facilities such as ticket counters, loading ramps or gates, hangars, and office areas at the sundry airports which are used exclusively by Southern Airways or its prospective patrons, suppliers and other persons doing or desiring to do business with it; that at loading ramps or gates which are used intermittently by Southern Airways and other carriers such patrolling has been permitted and carried on during times such facility was being used by Southern Airways; that the evidence is convincing that except for instances in which pickets or patrolmen may have failed of their volition to so picket or patrol, no person has been able to do business with Southern Airways at any of the airports at which it customarily operates without coming into immediate proximity with a picket carrying such banner or sign as has seemed suitable to the striking employees or ex-employees advising of the existence or of the asserted facts involved in the dispute between such employees or former employees and Southern Airways; that the evidence is fully convincing that should the strike continue indefinitely such patrolling or picketing and giving of publicity to the existence of, or the facts asserted in, the dispute between Southern Airways and its employees or ex-employees will not be interfered with.

(2) That the evidence is fully convincing that defendants have no labor dispute with plaintiffs or any of them nor with the various municipal authorities or bodies corporate which operate or control the sundry airports named in the complaint.

(3) That commencing at least as early as June 20, 1960 and at various times thereafter defendants devised a plan or scheme by which they would "designate" all airports at which Southern Airways was certificated by the Civil Aeronautics Board to operate as "picketed airports"; that on September 9, 1960 defendants issued a written so-called recommendation to all members of Air Line Pilots Association that flights not be originated or terminated at any of the airports named in the complaint herein and that if members of Air Line Pilots Association were required to land or take off from one of such airports as an intermediate stop that he inform his employer that he would not land or take off from that airport, but would operate the remainder of his flight. The Court finds that unless defendants are enjoined the affected pilots will carry the said recommendation into effect and that the result thereof will be to terminate and bring to a stop (a) all commercial airline service into or out of and (b) use of the adjacent air spaces of the United States at, over and about airports located at Huntsville, Alabama, Baton Rouge, Louisiana, Dothan, Alabama, Albany, Georgia, Panama City, Florida, Greenville, South Carolina, Jackson, Mississippi, Mobile, Alabama, Monroe, Louisiana, Columbus, Georgia, Chattanooga, Tennessee, Meridian, Mississippi, Natchez, Mississippi,

Spartanburg, South Carolina, Valdosta, Georgia, Knoxville, Tennessee, Nashville, Tennessee, Charlotte, North Carolina, Jacksonville, Florida, Atlanta, Georgia, Memphis, Tennessee, New Orleans, Louisiana, save for flights operated by Southern Airways which, although the only employer disputant to a labor dispute will nevertheless continue to operate.

(4) That the said threatened course of conduct is tantamount, and would amount to a blockade by indirect means of the aforesaid airports to the air transportation for which they principally exist and is not the giving of publicity to the existence of or the facts involved in a labor dispute by means of advertising, speaking or patrolling within the meaning of 29 U.S.C.A. § 104(e). The Court further finds that to denominate or "designate" an entire airport as "picketed" when such is not and cannot lawfully be done is a method involving fraud within the meaning of said subsection.

(5) The said proposed and threatened course of conduct is contrary to the declaration of the Act (1949, 18 U.S.C. § 1304) that there is a public right of freedom of transit through navigable air space of the United States.

(6) That defendants have threatened knowingly and willfully to obstruct or retard the passage of the mail contrary to Title 18 U.S.C. § 1701.

(7) That defendants are threatening to, and unless enjoined will, interfere with plaintiffs' duties to render service under their certificates of public necessity.

(8) That defendants' threatened activities, unless restrained, will wreak incalculable damage upon innocent parties other than plaintiffs, in that all air mail traffic into or out of the Southeastern portion of the United States will be eliminated to the great detriment of the general public; that thousands of plaintiffs' employees other than pilots will be involuntarily thrown out of work; that thousands of air travelers will be prevented from exercising their lawful rights of free movement to and from the Southeastern portion of the United States; and that the military bases served by plaintiffs will be adversely affected, and in particular defendants' proposed stoppage of commercial air traffic at Huntsville, Alabama, airport would affect in a seriously adverse manner the missile program of the United States at Redstone Arsenal and related facilities.

(9) That defendants' threatened course of conduct is not a major or minor dispute within the meaning of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., but is a non-privileged threat to interfere with or induce breaches of the lawful performance of its pilot members' contracts of employment with plaintiffs, and similarly to interfere with plaintiffs' existing and potential contracts for the transportation of goods and passengers.

(10) That the allegations of fact of the complaint are true and the facts are as stated in the complaint.

(11) That the Court has jurisdiction of the cause and the parties.

Because of the foregoing findings the Court concludes that plaintiffs are entitled to the issuance of a preliminary injunction.

Wherefore, it is ordered, adjudged and decreed, until further order of the Court:

1. That the defendants, Air Line Pilots Association, International, C. N. Sayen, and D. J. Smith, their officers, agents, servants and employees, and all persons in concert or participation with them, including all members of Air Line Pilots Association, International, all of plaintiffs' employees of the class or craft of pilots represented by Air Line Pilots Association, International, and all persons receiving notice of this order, be restrained and enjoined from:

(a) Ordering, directing, authorizing, recommending, or sanctioning the patrolling of the airports serving the cities of Albany, Atlanta, Columbus and Valdosta, Georgia; Baton Rouge, Monroe and New Orleans, Louisiana; Birming-

ham, Dothan, Huntsville, Mobile and Muscle Shoals, Alabama; Charlotte, North Carolina; Greenville and Spartanburg, South Carolina; Jacksonville and Panama City, Florida; Memphis and Nashville, Tennessee; and Jackson and Natchez, Mississippi, or any other airports served by plaintiffs, or the terminal buildings or any property or aircraft of plaintiffs or any portion of the property or premises of said airports not leased to and solely utilized by Southern Airways, Inc., or designating said airports as "picketed airports" which should not be used by members of defendant Association or assisting any other person who does perform any of the above acts, provided, however, that defendants and those co-operating with them are not prohibited from patrolling any portion of said airports used exclusively by Southern Airways, Inc., or such portions as it may use in common with other air carriers if the patrolling is so conducted as clearly to inform the members of Air Line Pilots Association, International, and all others that defendants' dispute is solely with Southern Airways, Inc.;

(b) Ordering, directing, authorizing or recommending that members of Air Line Pilots Association, International, if directed by any of plaintiffs so to do nevertheless not use air space above or adjacent to any of the airports named in subparagraph (a) above or not take flights into or out of any said airports;

(c) Interfering with plaintiffs or with the pilots employed by plaintiffs by fines, union discipline or otherwise, or with other employees of plaintiffs in carrying on the businesses of plaintiffs at, and the operation of plaintiffs' airplanes into or out of any of the airports named in subparagraph (a) above.

2. That defendants shall immediately withdraw or countermand their order or direction of September 9, 1960 directing or recommending all members of Air Line Pilots Association, International, not to render service on plaintiffs' aircraft scheduled to go into or out of any airport named in paragraph 1(a) here-

of; and immediately withdraw or countermand any other order, directive, recommendation, or other advice heretofore issued by Air Line Pilots Association, International, or any constituent body thereof, not to render service on plaintiffs' aircraft scheduled to go into or out of any of the airports named in paragraph 1(a).

3. That plaintiffs give bond in the usual form but which need be executed by only one of them and a sufficient surety in the sum of $25,000.